**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 0 2018

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JULIE BOWERMAN                                          **PLAINTIFF**

VS.                           NO. _4:18CV142 KGB_

GEICO GENERAL INSURANCE COMPANY                        **DEFENDANT**

### NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, defendant GEICO General Insurance Company ("GEICO") hereby gives notice of the removal of this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division. Removal jurisdiction based upon diversity of citizenship, 28 U.S.C. § 1332, is proper pursuant to the following:

1.     This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.     This case, styled *Julie Bowerman v. GEICO General Insurance Company*, was filed on February 9, 2018, in the Circuit Court of Pulaski County, Arkansas, as civil action 60CV-18-810, on the docket of that Court.

3.     In her Complaint, Plaintiff seeks recovery for unspecified damages associated with the alleged breach of an insurance policy for underinsured motorist coverage. (Ex. A, Compl. ¶ 6). Specifically though, Plaintiff alleges she is entitled to damages "in the amount of One Hundred Thousand Dollars ($100,000) with interest, statutory penalty and attorney's fees." (*Id.* at ¶ WHEREFORE). Therefore,

This case assigned to District Judge _Baker_
1     and to Magistrate Judge _Kearney_

the amount in controversy exceeds the minimum amount required for federal court jurisdiction in diversity of citizenship cases.

4.     The earliest date on which GEICO became aware of the suit was February 10, 2018.

5.     GEICO is filing an Answer to Plaintiff's Complaint along with this Notice.

6.     This Notice of Removal is filed within thirty (30) days (or the first filing day thereafter) after the receipt by GEICO, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which this action is based and is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

7.     Pursuant to 28 U.S.C. § 1446(a), GEICO attaches as Exhibit "A" to this notice, the Complaint in this matter and the Summons issued to GEICO, which constitutes all "process, pleadings and orders" served to date on GEICO.

8.     This case is removed pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive or interest and costs.

9.     Upon information and belief, and according to the allegations of the Complaint, at the time of the filing of the Complaint, Plaintiff was an individual citizen and resident of the State of Arkansas (Ex. A, Compl. ¶ 1).

10.    At the time commencement of this action, GEICO General Insurance Company was a citizen of the state of Maryland, pursuant to 28 U.S.C. § 1332(c), because it is a corporation duly organized under the laws of the state of Maryland

and has its principle place of business at 5260 Western Avenue, Chevy Chase, Maryland 20815. Therefore, for purposes of diversity it is a citizen of Maryland. *See* 28 U.S.C. § 1332(c).

11.     Accordingly, this Court has original jurisdiction of this action pursuant to 28 U.S.C § 1332(a), and the action is removable pursuant to 28 U.S.C. § 1441(a).

12.     The United States District Court of the Eastern District of Arkansas, Western Division, embraces the county in which the state court action is now pending.

13.     Written notice of the filing of this notice will promptly be given to Plaintiff, and, together with a copy of this notice, will be filed with the Circuit Court of Pulaski County, Arkansas, as provided by 28 U.S.C. § 1446(d).

14.     Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

15.     GEICO expressly reserves any and all defenses that may be available in this action.

WHEREFORE, defendant GEICO General Insurance Company hereby removes this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division, and seeks resolution by this Court of all issues raised herein.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: bdrennon@wlj.com


By _____
     Baxter D. Drennon (2010147)
     *Attorneys for GEICO General Insurance*
     *Company*


## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2018, I presented the foregoing to the

Clerk of Court for filing and uploading to the CM/ECF system, which shall send

notification of such filing to the following:

Herman W. Eubanks
2902 E. Kiehl Avenue
Suite 1B
Sherwood, AR 72120

Hugh F. Spinks
Gary Holt & Associates
708 W.2nd Street
Little Rock, AR 72203


_____
Baxter D. Drennon

4

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Feb-09 14:56:25
60CV-18-810
C06D09 : 3 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

_____DIVISION

JULIE BOWERMAN                                                          PLAINTIFF

VS.                                        NO._____

GEICO GENERAL INSURANCE COMPANY                          DEFENDANT

## COMPLAINT

Comes the Plaintiff, Julie Bowerman, by and through her attorneys, Herman W. Eubanks and Hugh F. Spinks, and for her complaint against the Defendant, Geico General Insurance Company, states and alleges:

1.      That the Plaintiff is a resident of the city of Little Rock, Pulaski County, Arkansas.

2.      That the Defendant, Geico General Insurance Company, is a company licensed to do business in Pulaski County, Arkansas.

3.      That the events given rise to this cause of action occurred in the city of Little Rock, Pulaski County, Arkansas.

4.      That this Honorable Court has jurisdiction over the parties and the subject matter of this cause of action.

5.      That on or about September 30, 2014, at approximately 3:15 p.m., the Plaintiff was operating a 1996 Cadillac westbound on 65th Street at its intersection with Mabelvale Pike when Nikolai Kosmotov, who was traveling eastbound on 65th Street, suddenly made a left-hand turn in front of the Plaintiff at which time plaintiff's vehicle severely struck the 2007 Hyundai Santa Fe that Nikolai Kosmotov owned and was operating at the time. Nikolai Kosmotov failed to keep a proper lookout, failed to keep his vehicle under control, failed to yield the right of way to the Plaintiff's vehicle, and negligently turned in front of the Plaintiff, Julie Bowerman. As a result of the negligent



EXHIBIT

A

acts of Nikolai Kosmotov, the Plaintiff, Julie Bowerman, sustained damages more specifically described hereinafter.

6. That Nikolai Kosmotov was negligent, which was the proximate cause of the damages and injuries sustained by the Plaintiff, Julie Bowerman. The specific acts of negligence include but are not limited to the following:

  a) Failing to keep a proper lookout;

  b) Failing to keep the automobile he was driving under proper control;

  c) Driving at a speed that was greater than reasonable under the circumstances;

  d) Failing to yield the right of way to the Plaintiff's vehicle;

  e) Careless driving;

  f) Making an improper left-hand turn;

  g) Otherwise failing to exercise ordinary care under the circumstances;

7. That at the date and time of this accident, the Defendant, Geico General Insurance Company, had issued in full force and effect a policy of automobile insurance coverage including Underinsured Motorist Coverage protecting all occupants of Plaintiff's vehicle pursuant to Ark. Ann. Code § 23-89-209. A true and correct copy of that policy number 4237-78-42-04 is attached hereto as Exhibit "1" to this Complaint and is incorporated herein as if set out word for word.

8. That the Plaintiff, Julie Bowerman, has incurred damages greatly in excess of the liability coverage pertaining to Nikolai Kosmotov's vehicle. The insurer for Nikolai Kosmotov has tendered its policy limits regarding this claim and has been accepted. The Plaintiff, Julie Bowerman, individually is entitled to bring directly an Underinsured Motorist Claim against the Defendant, Geico General Insurance Company, for which demand has been made and payment refused.

9.    That the Plaintiff, Julie Bowerman, individually is entitled to statutory interest, penalty and attorney's fees associated with the claim against the Defendant, Geico General Insurance Company.

WHEREFORE, the Plaintiff, Julie Bowerman prays for judgment of and from the Defendant, Geico General Insurance Company, in the amount of One Hundred Thousand Dollars ($100,000.00) with interest, statutory penalty and attorney's fees, and the Plaintiff further prays for her costs, interest and all other just and proper relief to which she may be entitled.  Plaintiff further prays that she be granted a jury trial.

Respectively submitted,

Herman W. Eubanks
2902 E. Kiehl Avenue
Suite 1B
Sherwood, AR  72120
T: (501) 819.0856
F: (501) 819.0863
Email: mmanasco@hweubanks.com


*/s/Herman W. Eubanks*
Herman W. Eubanks   BIN 73033
Attorney for Plaintiff


Hugh F. Spinks
Gary Holt & Associates
708 W. 2nd Street
Little Rock, AR  72203
T: 501.372.0266
F: 501.688.7741
Email: spinksh@garyholtlaw.com

*/s/Hugh F. Spinks*
Hugh F. Spinks    BIN 75122
Attorney for Plaintiff

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Feb-15 16:18:40
60CV-26
C06D09 : 26 Pages

# GEICO.
## geico.com

Tel: 1-800-841-3000

## Declarations Page

This is a description of your coverage.
Please retain for your records.

**GEICO GENERAL INSURANCE COMPANY**
One GEICO Center
Macon, GA 31295-0001

**Policy Number: 4237-78-42-04**
**Coverage Period:**
08-13-14 through 02-13-15
12:01 a.m. local time at the address of the named insured.

Date Issued: July 10, 2014

ROBERT L BOWERMAN AND JULIE P
BOWERMAN
7015 W 65TH ST
LITTLE ROCK AR  72209-2008

Email Address: Log in to **geico.com** to update

| **Named Insured** | **Additional Drivers** |
|---|---|
| Robert L Bowerman | None |
| Julie P Bowerman | |

| **Vehicles** | | **VIN** | **Vehicle Location** | **Finance Company/ Lienholder** |
|---|---|---|---|---|
| 1 1996 Cad | Deville | 1G6KD52Y3TU292711 | Little Rock AR 72209 | |
| 2 1990 Ford | T Bird Sup | 1FAPP64R2LH162875 | Little Rock AR 72209 | |
| 3 1994 Chev | Corvette | 1G1YY22P5R5114473 | Little Rock AR 72209 | |

| **Coverages*** | **Limits and/or Deductibles** | **Vehicle 1** | **Vehicle 2** | **Vehicle 3** |
|---|---|---|---|---|
| Bodily Injury Liability | | | | |
|  Each Person/Each Occurrence | $100,000/$300,000 | $87.40 | $56.70 | $64.20 |
| Property Damage Liability | $50,000 | $70.00 | $45.50 | $51.40 |
| Medical Benefits | $5,000 | $24.90 | $31.90 | $14.10 |
| Accidental Death Benefits | $5,000 | $0.60 | $1.00 | $0.60 |
| Lost Earnings | $140 Weekly | $1.20 | $1.90 | $1.20 |
| Uninsured Motorists Bodily Injury | | | | |
|  Each Person/Each Occurrence | $100,000/$300,000 | $18.30 | $14.70 | $14.70 |
| Uninsured Motorist Property Damage | $50,000/$200 | $16.50 | $16.50 | $16.50 |
| Underinsured Motorist | | | | |
|  Each Person/Each Occurrence | $100,000/$300,000 | $20.90 | $20.90 | $20.90 |
| **Six Month Premium Per Vehicle** | | **$239.80** | **$189.10** | **$183.60** |
| **Total Six Month Premium** | | | | **$612.50** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.



EXHIBIT
tabbies
1



**GEICO.**
geico.com

Tel: 1-800-841-3000

# Declarations Page

This is a description of your coverage.
Please retain for your records.

**GEICO GENERAL INSURANCE COMPANY**
One GEICO Center
Macon, GA 31295-0001

**Policy Number: 4237-78-42-04**
**Coverage Period:**
08-13-14 through 02-13-15
12:01 a.m. local time at the address of the named insured.

Date Issued: July 31, 2014

ROBERT L BOWERMAN AND JULIE P
 BOWERMAN
7015 W 65TH ST
LITTLE ROCK AR  72209-2008

Endorsement Effective: 08-13-14

Email Address: Log in to **geico.com** to update

| Named Insured | Additional Drivers |
|---|---|
| Robert L Bowerman | None |
| Julie P Bowerman | |

| Vehicles | | | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|---|---|
| 1 1996 | Cad | Deville | 1G6KD52Y3TU292711 | Little Rock AR 72209 | |
| 2 1990 | Ford | T Bird Sup | 1FAPP64R2LH162875 | Little Rock AR 72209 | |
| 3 1994 | Chev | Corvette | 1G1YY22P5R5114473 | Little Rock AR 72209 | |
| 4 1997 | Chev | PickUP1500 | 1GCEC14W4VZ144462 | Little Rock AR 72209 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 4 |
|---|---|---|---|---|---|
| Bodily Injury Liability | | | | | |
|  Each Person/Each Occurrence | $100,000/$300,000 | $87.40 | $56.70 | $56.70 | $64.20 |
| Property Damage Liability | $50,000 | $70.00 | $45.50 | $45.50 | $51.40 |
| Medical Benefits | $5,000 | $24.90 | $31.90 | $19.20 | $14.10 |
| Accidental Death Benefits | $5,000 | $0.60 | $1.00 | $0.60 | $0.60 |
| Lost Earnings | $140 Weekly | $1.20 | $1.90 | $1.20 | $1.20 |
| Uninsured Motorists Bodily Injury | | | | | |
|  Each Person/Each Occurrence | $100,000/$300,000 | $18.30 | $14.70 | $14.70 | $14.70 |
| Uninsured Motorist Property Damage | $50,000/$200 | $16.50 | $16.50 | $16.50 | $16.50 |
| Underinsured Motorist | | | | | |
|  Each Person/Each Occurrence | $100,000/$300,000 | $20.90 | $20.90 | $20.90 | $20.90 |
| **Six Month Premium Per Vehicle** | | **$239.80** | **$189.10** | **$175.30** | **$183.60** |
| **Total Six Month Premium** | | | | | **$787.80** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

<u>Discounts</u>

| | |
|---|---|
| **The total value of your discounts is** | **$292.20** |
| Seatbelt (All Vehicles) | $17.00 |
| Multi-Car (All Vehicles) | $160.60 |
| 5 Year Good Driving (Veh 2, 3, 4) | $72.80 |
| Passive Restraint/Air Bag (Veh 1, 3, 4) | $41.80 |

**Contract Type:** PRIME TIME
**Contract Amendments:** ALL VEHICLES - A54AR(03-11) A70AR(02-97)

**Unit Endorsements:**   A149 (07-87)(VEH 1,2,3,4); A190 (12-02)(VEH 1,2,3,4);
A449 (08-08)(VEH 1,2,3,4); A48 (11-96)(VEH 1,2,3,4)

---

### Important Policy Information

-Please review the front and/or back of this page for your coverage and discount information.

-Special 50+ rating applies.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA and NORTH CAROLINA. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-The 1997 CHEV has been added to your policy.

-This adjustment is effective 7/31/2014.

---



**GEICO GENERAL INSURANCE COMPANY**
Policy Number: 4237-78-42-04

**Automobile Policy Amendment
UNINSURED MOTORIST-
PROPERTY DAMAGE COVERAGE
ARKANSAS**

Your policy provisions are amended as follows:

**DEFINITIONS**

1. *Farm auto* means a truck type vehicle with a gross vehicle weight of 15,000 pounds or less, not used for commercial purposes other than farming.

2. *Hit-and-Run Auto* is a motor vehicle causing *property damage* to an *insured auto* through physical contact with that vehicle and whose operator or owner cannot be identified, provided the *insured* or someone on his behalf:

   (a) Reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;
   (b) Files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and
   (c) Makes available for inspection, at our request, the *insured auto.*

3. *Insured* means:

   (a) The individual named in the declarations and his or her spouse if a resident of the same household;
   (b) Any person who is entitled to recover damages because of *property damage* sustained by an *insured* under a) above;
   (c) Any other person, not excluded from coverage under the policy, using the *insured auto* with the owner's permission. The actual use must be within the scope of the permission given by the owner.

   If there is more than one *insured*, our limits of liability will not be increased.

4. *Insured auto* is an auto:

   (a) Described in the declaration and covered by the liability coverages of this policy;
   (b) Temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
   (c) A *private passenger*, *farm*, or *utility auto*, ownership of which *you* acquire during the policy period, if

      (i) It replaces a vehicle described in this policy for which a premium is shown for these coverages or a *trailer* owned by *you*;
      (ii) We insure all *private passenger*, *farm*, and *utility autos* owned by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later.

   (d) A non-owned auto used by the individual named in the declarations or his or her if a resident of the same household.

   But the term *insured auto* does not include:

      (i) An auto used to carry passengers or goods for hire except in a car pool;
      (ii) An auto being used without the owner's permission; or
      (iii) Under subparagraphs b) and c) above, an auto owned by or furnished for the regular use of an *insured*.

5. *Private Passenger auto* means a four wheel private passenger, station wagon or jeep-type auto.

6. *Property damage* means damage to or destruction of an auto owned by *you* and covered by the liability coverages of this policy. Property damage includes a reasonable amount for the loss of use of the auto.

7. *Punitive or Exemplary Damage* means damage that is imposed to punish the wrongdoer and to deter others from similar conduct.

8. *Trailer* means a trailer designed to be towed by a *private passenger auto*, if not being used for business or commercial purposes with a vehicle other than a *private passenger, farm* or *utility auto.*

9. *Uninsured auto* is a motor vehicle which:

   a) Has no property damage liability bond, policy of insurance or cash or securities on file to cover *property damage* at the time of the accident, or;
   b) Has property damage liability insurance in effect at the time of the accident but the insurer of the vehicle becomes insolvent or denies coverage.

   The term *uninsured auto* does not include:

   (a) An *insured auto*;
   (b) A motor vehicle owned or operated by a self insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;





# GEICO   ARKANSAS INFORMATION AND OPTION FORM

## *IMPORTANT PLEASE READ CAREFULLY*

**IF YOU ARE A NEW APPLICANT,** and do not return this form, your policy will be adjusted to include:
- Personal Injury Protection and Uninsured Motorist Property Damage Coverages at the required minimum limits.
- Uninsured Motorist Bodily Injury and Underinsured Motorist Coverages equal to your Bodily Injury liability limit.

**IF YOU HAVE JUST MOVED TO ARKANSAS,** your policy has been adjusted to include:
- Personal Injury Protection and Uninsured Motorist Property Damage Coverages at the required minimum limits.
- Uninsured Motorist Bodily Injury and Underinsured Motorist Coverages equal to your Bodily Injury liability limit.

If you want to make any changes to these coverages, please complete, sign and return this form.

**IF YOU ARE A CURRENT POLICYHOLDER** and do not return this form, no changes will be made to your coverages.
If you would like to make changes, please complete, sign and return this form.

## PERSONAL INJURY PROTECTION (NO-FAULT) COVERAGE

Personal Injury Protection (No-Fault) Coverage is offered as three separate coverages: Lost Earnings, Accidental Death, and Medical Benefits.



### LOST EARNINGS COVERAGE

Lost Earnings Coverage pays 70% of income lost due to disability resulting from a motor vehicle accident, commencing eight days after the day of the accident, for up to 52 weeks, subject to the weekly income limit selected.

It also pays up to $70 per week for essential services ordinarily performed by an injured non-wage earner.

If you do not select a limit or reject the coverage, Lost Earnings Coverage will be added to your policy in the minimum limit of $140 per week.

We recommend that you select a limit which is at least as high as your current average weekly earnings.

**PLEASE MAKE YOUR SELECTION FOR THE LOST EARNINGS COVERAGE.**

☐ I reject the minimum limit of $140 per week.
Do not add Lost Earnings Coverage to my policy.

☐ I select the minimum limit of $140 per week.

☐ I reject the minimum limit of $140 per week.
Instead, add the optional limit of $_____* per week to my policy.
*You may select from the following weekly limits:
$200   $250   $300   $350   $400

### ACCIDENTAL DEATH BENEFITS COVERAGE

Accidental Death Benefits Coverage pays the full amount selected, in the event of death resulting from a motor vehicle accident if death occurs within one year of the date of the accident.

If you do not select a limit or reject the coverage, Accidental Death Benefits Coverage will be added to your policy in the minimum limit of $5,000.

**PLEASE MAKE YOUR SELECTION FOR THE ACCIDENTAL DEATH BENEFITS COVERAGE.**

☐ I reject the minimum $5,000 coverage.
Do not add Accidental Death Benefits Coverage to my policy

☐ I select the minimum limit of $5,000.

☐ I reject the minimum $5,000 coverage.
Instead, add the $10,000 limit of Accidental Death Benefits Coverage to my policy.

**You can select either MEDICAL BENEFITS COVERAGE or MEDICAL PAYMENTS COVERAGE, but not both.**

## MEDICAL BENEFITS COVERAGE

Medical Benefits Coverage pays for reasonable and necessary medical, hospital, dental, surgical and funeral expenses incurred within 24 months after a motor vehicle accident.

It is provided for you, household relatives, passengers in your car and pedestrians.

If you do not select a limit or reject this coverage, Medical Benefits Coverage will be added to your policy in the minimum limit of $5,000.

**PLEASE MAKE YOUR SELECTION FOR THE MEDICAL BENEFITS COVERAGE.**

☐ I reject the $5,000 Medical Benefits Coverage. Do not add Medical Benefits Coverage to my policy.

☐ I select the minimum limit of $5,000.

☐ I reject the minimum limit of $5,000. Instead, add the following higher Medical Benefits limit.  ☐ $7,500   ☐ $10,000.

## MEDICAL PAYMENTS COVERAGE

Medical Payments Coverage pays medical, dental, hospital and funeral expenses.

It is provided for you, household relatives and guest passengers injured in an auto accident.

Medical Payments Coverage also protects you and household relatives in other vehicles or if struck as pedestrians.

If you do not select a limit, Medical Payments Coverage will not be added to your policy.

**PLEASE MAKE YOUR SELECTION FOR THE MEDICAL PAYMENTS COVERAGE.**

☐ $1,000   ☐ $2,000   ☐ $3,000   ☐ $4,000

## UNINSURED MOTORIST BODILY INJURY COVERAGE

Uninsured Motorist Bodily Injury (UMBI) Coverage pays damages that you, household relatives and passengers in your insured vehicles are legally entitled to recover because of bodily injury or death caused by an uninsured or hit-and-run motorist.

UMBI Coverage pays up to the first limit for any one person and, subject to the first limit for any one person, up to the second limit for all persons injured or killed in one accident.

If you do not select a limit or reject this coverage in writing, Uninsured Motorist Bodily Injury Coverage will be added to your policy with the same limit as your Bodily Injury liability limit.

**PLEASE MAKE YOUR SELECTION FOR THE UNINSURED MOTORIST BODILY INJURY COVERAGE.**
**UMBI LIMIT**

☐ I reject Uninsured Motorist Bodily Injury Coverage

☐ I reject UMBI limit equal to the limit I carry for Bodily Injury and instead want the following UMBI limit:

☐ $25,000/$50,000        ☐ $100,000/$300,000
☐ $50,000/$100,000       ☐ $300,000/$300,000
☐ $100,000/$200,000      ☐ $250,000/$500,000*
          ☐ $500,000/$500,000*

☐ $_____/$_____ *

* (Subject to Underwriting approval.)

## UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE

Uninsured Motorist Property Damage (UMPD) Coverage pays up to the limit selected, for loss to your insured vehicle caused by an uninsured or hit-and-run motorist.

UMPD does not pay for loss or damage to personal property located in the vehicle.

UMPD is subject to a $200 deductible. The deductible does not apply if you carry Collision Coverage and the operator of the other vehicle has been positively identified and is solely at fault.

If you carry UMBI Coverage and do not select a limit or reject this coverage in writing, the Uninsured Motorist Property Damage Coverage will be added to your policy in the minimum limit of $25,000. You may not select a limit higher than your Property Damage Liability Coverage limit.

**PLEASE MAKE YOUR SELECTION FOR THE UNINSURED MOTORIST COVERAGE.**
**UMPD LIMIT**

☐ I reject Uninsured Motorist Property Damage Coverage

☐ I reject UMPD limit equal to the limit I carry for Property Damage and instead want the following UMPD limit:

☐ $25,000        ☐ $50,000        ☐ $100,000

# AUTOMOBILE POLICY AMENDMENT
## LOST EARNINGS AND ACCIDENTAL DEATH BENEFIT AMENDMENT

### (ARKANSAS)

The Company agrees with the *named insured* subject to all of the provisions of this amendment and to all of the provisions of the policy not expressly modified herein.

### SECTION I

### LOST EARNINGS

The Company will pay benefits for *work loss* with respect to *bodily injury* sustained by an *eligible injured person* caused by accident arising out of the maintenance or use of a motor vehicle as a *motor vehicle*.

### Exclusions

This coverage does not apply to Bodily Injury:

a) sustained by the *named insured* while *occupying* any *private passenger automobile* owned by such *named insured* or furnished or available for his regular use and which is not an *insured motor vehicle*;

b) sustained by a *relative* while occupying any *private passenger automobile* owned by or furnished or available for the regular use of either the *named insured* or such *relative* and which is not an *insured motor vehicle*;

c) sustained by any *relative*, if such *relative* is entitled, as a named insured under any other motor vehicle insurance policy, to similar coverage which provides benefits equal to or greater than that prescribed by Arkansas House Bill 158, Arkansas Laws 1973;

d) sustained by any person other than the *named insured* or *relative* if such other person is entitled, as a named insured or relative under any other motor vehicle insurance policy, to similar coverage which provides benefits equal to or greater than that prescribed by Arkansas House Bill 158, Arkansas Laws 1973;

e) sustained by any person while operating the *insured motor vehicle* without the express or implied consent of the *named insured* or while not in lawful possession of the *insured motor vehicle*;

f) sustained by any person to the extent that benefits therefor are in whole or in part paid or payable under any workmen's compensation law, employer's disability law or any similar law;

g) sustained by any person while operating the *insured motor vehicle* without the express or implied consent of the *named insured* or while not in lawful possession of the *insured motor vehicle*;

h) due to war, whether or not declared, civil war, insur-

rection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

i) resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material.

### Definitions

When used in reference to this coverage:

"*bodily injury*" means bodily injury, sickness or disease, including death resulting therefrom;

"*motor vehicle*" means a land motor vehicle or trailer which includes a semi-trailer other than (1) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads, (2) a vehicle operated upon rails or crawler treads, or (3) a vehicle located for use as a residence or premises;

"*named insured*" means the person or organization named in Item 1 of the declarations and if a person, his spouse, if a resident of the same household;

"occupying" means in or upon or entering into or alighting from;

"*pedestrian*" means any person who is not *occupying* any vehicle other than a motorcycle or a vehicle operated by human or animal power;

"*relative*" means any person related to the *named insured* by blood, marriage or adoption (including a ward or foster child) who is a resident of the same household as the *named insured*;

"*eligible injured person*" means

a) the *named insured* and any *relative* who sustains *bodily injury* while *occupying* or, while a *pedestrian*, through being struck by any *motor vehicle*;

b) any other person who sustains *bodily injury* while *occupying* or, while a *pedestrian*, through being struck by the *insured motor vehicle*;

"*insured motor vehicle*" means a *private passenger automobile* which is *designated in the declarations* of the policy as an *insured motor vehicle* to which this coverage applies and includes:

a)  a *private passenger automobile* not owned by the *name insured* while temporarily used as a substitute for an *insured motor vehicle* owned by the *named insured* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

b)  a trailer designed for use with a *private passenger automobile* if not being used for business purposes with another type vehicle;

"*private passenger automobile*" means a *motor vehicle* of the private passenger, station wagon or jeep type and includes a *motor vehicle* with a pick-up body, a delivery sedan or a panel truck type which is not customarily used for occupational, professional or business purposes other than farming or ranching, (but does not include a *motor vehicle* used as a public or livery conveyance for passengers);

"*work loss*" means:

a)  with respect to an income earner, loss of income from work the *eligible injured person* would have earned had he not sustained *bodily injury*, or

b)  with respect to a non-income earner, expenses reasonably incurred in obtaining ordinary and necessary services in lieu of those the *eligible injured person* would have performed, not for income but for the benefit of himself or his family had he not sustained *bodily injury*

incurred during a period commencing eight (8) days after the date of the accident and not to exceed fifty-two (52) weeks.

**Limit of Liability**

| Option No. | Weekly Work Loss Limit |
|---|---|
| 1 | $140 |
| 2 | $200 |
| 3 | $250 |
| 4 | $300 |
| 5 | $350 |
| 6 | $400 |

Regardless of the number of persons or organizations insured, policies or bonds applicable, claims made or *insured motor vehicles* to which this coverage applies, the limit of the Company's liability for *work loss* is limited as follows:

1.  with respect to an income earner, 70% of loss of gross income per week not to exceed the amount set forth in the Schedule above, as indicated by the option number shown on the declaration sheet;

2.  with respect to a non-income earner, a sum not to exceed $70 per week or pro rata for a lesser period.

**SECTION II**

**ACCIDENTAL DEATH BENEFIT**

The Company will pay the amount *stated in the declarations* of the policy in the event of the death of an *eligible injured person* which shall result directly and independently of all other causes from *bodily injury* caused by accident and arising out of the maintenance or use of a motor vehicle as a *motor vehicle*, if the death occurs within one year from the date of accident.

**Exclusions**

All Exclusions under Section I apply to Section II.

**Definitions**

All of the definitions under Section I apply to Section II.

**Conditions**

Conditions A, B, C and D apply to all Sections.  The remaining conditions apply to the Sections noted thereunder.

A.  Policy Period; Territory.  This insurance applies only to accidents which occur on or after July 1, 1974 during the policy period and within the United States of America, its territories or possessions or Canada.

B.  Action Against Company.  No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this amendment.

C.  Notice.  In the event of an accident, written notice containing particulars sufficient to identify the *eligible injured person* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the *eligible injured person(s)* and of available witnesses, shall be given by or on behalf of each *eligible*

*injured person* to the Company or any of its authorized agents as soon as practicable.

If any *eligible injured person*, his survivor or the legal representative of either shall institute legal action to recover damages for *bodily injury* against a person or organization who is or may be liable in tort therefore, a copy of the summons and complaint or other process served in connection with such legal action must be forwarded as soon as practicable to the Company by such *eligible injured person*, survivor or legal representative.

D.  Proof of Claim.  As soon as practicable the *eligible injured person* or someone on his behalf shall give the Company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries and treatment received and contemplated, and such other information as may assist the Company in determining the amount due and payable.

The *eligible injured person* shall submit to physical and mental examinations by physicians selected by the Company when and as often as the Company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or his survivor, shall, after each request from the Company, execute authorization to enable the Company to obtain medical reports and copies of records.

If requested by the Company, such *eligible injured person*, someone on his behalf or his employer shall furnish a sworn statement of earnings by such *eligible injured person* since the date of the accident and for a reasonable time prior to the accident.

E.  Payment of Benefits - Sections I and II - The Company may at its option pay (a) the *eligible injured person*, or (b) if the *eligible injured person* be a minor, his parent or guardian, or (c) if the *eligible injured person* be incapacitated or deceased, his spouse, or (d) any person or organization rendering the services for which claim is made; any such payment shall reduce the amount payable hereunder. Payment hereunder shall not constitute an admission of liability to any person.

F.  Reimbursement and Trust Agreement - Section I. In the event of any payment of benefits with respect to *bodily injury* sustained by an *eligible injured person* under this insurance:

1)  the Company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any right of recovery of such person against any person or organization legally responsible for the *bodily injury* because of which such pay-



ment is made, and the Company shall have a lien to the extent of such payment, notice of which may be given to the person or organization causing such *bodily injury,* his agent, his insurer, or a court having jurisdiction in the matter;

2)  such person shall hold in trust for the benefit of the Company all right of recovery which he shall have against such other person or organization because of such *bodily injury*;

3 )  such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

4)  such person shall execute and deliver to the Company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the Company established by this provision.

G.  Subrogation - Section I.  In the event of any payment of benefits with respect to *bodily injury* sustained by an *eligible injured person* under this insurance, the Company shall be subrogated, to the extent of such payment, to all the person's rights of recovery therefor against any person or organization and such person shall execute and deliver instruments and papers and do whatever is necessary to secure such rights.  Such person shall do nothing after loss to prejudice such rights.

H.  Other Insurance - Sections I and II.  With respect to *bodily injury* sustained by any person other than the *named insured* or a *relative*, the coverage under Sections I and II shall apply only as excess insurance over any other similar insurance available to such person under the terms of any other motor vehicle insurance policy, and this coverage shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

If an *eligible injured person* who is a *named insured* or a *relative* has other similar insurance available under the terms of any other motor vehicle insurance policy, the maximum recovery under all insurance shall not exceed the amount which would have been payable under the provisions of the insurance providing the highest dollar limit, and the Company shall not be liable for a greater proportion of any loss to which Sections I and II apply than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

**SECTION III**
**MODIFICATION OF POLICY COVERAGES**

In consideration of the insurance afforded under Section II of this amendment, any Accidental Death Benefit coverage afforded by the Family Automobile Policy or the Combination Automobile Policy is deleted.

IN WITNESS WHEREOF, the Government Employees Insurance Company has caused this amendment to be signed by the President and Secretary of the Company.

W. C. E. Robinson
Secretary

GOVERNMENT EMPLOYEES INSURANCE COMPANY
GEICO GENERAL INSURANCE COMPANY

O. M. Nicely
President

# GEICO

**Policy Number:** 4237-78-42-04

# Automobile Policy Amendment

## Underinsured Motorist Coverage Arkansas

*Your* policy is amended to provide Underinsured Motorist Coverage subject to the following:

## DEFINITIONS

The definitions of terms in Section I. Liability Coverages, of *your* policy apply to this Coverage except for the following special definitions:

1. **"Insured"** means:

   (a) *you* ;
   (b) *your relatives* ;
   (c) any other person *occupying* an *insured auto*; or (d) any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b) and (c) above.

   If there is more than one *insured*, our limit of liability will not be increased.

2. **"Insured Auto"** is an auto:

   (a) Described in the declarations and covered by the bodily injury liability coverage of this policy.

   (b) Temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

   (c) Operated by *you* or *your* spouse if a resident of the same household.

   But the term **"insured auto"** does not include:

   (i) An auto used to carry passengers or goods for hire except in a car pool.
   (ii) An auto being used without the owner's permission.
   (iii) Under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of an *insured.*

3. **"Occupying"** means:
   (a) in;
   (b) upon;
   (c) entering into; or
   (d) alighting from.

4. **"State"** includes the District of Columbia, the territories and possessions of the United States and the Provinces of Canada.

5. **"Underinsured Motor Vehicle"** means:

   A motor vehicle for which the total limit of all bodily injury insurance policies or bonds applicable at the time of the accident is less than the damages *you* have incurred.

   The term **"underinsured motor vehicle"** does not include a motor vehicle:

   (a) Which is an *insured auto;*
   (b) Owned or operated by a self-insurer under any applicable motor vehicle law.
   (c) Owned or operated by:

   (i) the United States of America;
   (ii) any national government;
   (iii) a *state*; or
   (iv) a political sub-division of any such government and its agencies.

   (d) Operated on crawler treads.
   (e) While located for use as a residence or premises.
   (f) Designed for use mainly off public roads except while used on public roads.
   (g) To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

   (i) denies coverage; or
   (ii) become insolvent

   (h) For which neither a liability bond or policy applies at the time of the accident.

6. **"Punitive or exemplary damages"** *mean*:

   Damages that are imposed to punish a wrongdoer and to deter others from similar conduct.

## LOSSES WE PAY

We will also pay damages the *insured* is legally entitled to recover for *bodily injury* caused by accident and

arising out the ownership, maintenance or use of an *underinsured motor vehicle*. However, we will not pay until the total of all bodily injury liability insurance available has been exhausted by payment of judgments or settlements.

## EXCLUSIONS:

1.  *Bodily injury* to an *insured* while *occupying* or through being struck by an *underinsured motor vehicle* owned by an *insured* or a *relative* is not covered.

2.  The Underinsured Motorist Coverage will not benefit any worker's compensation insurer, self-insurer or disability benefits insurer.

3.  We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.

4.  We do not cover any person while *occupying* a vehicle described in the declarations on which Underinsured Motorist Coverage is not carried.

5.  Regardless of any other provision of this policy, there is no coverage for *punitive* or *exemplary damages*.

6.  *Bodily injury* that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.

## LIMIT OF LIABILITY

Regardless of the number of:

a.  insured vehicles involved in the accident;
b.  persons covered;
c.  claims made; .
d.  vehicles or premiums shown in the declarations; or
e.  premiums paid:

1.  The limit of liability for Underinsured Motorist Coverage stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* sustained by one person as the result of one accident.

2.  The limit of liability stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of one accident.

3.  When coverage is afforded to two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

The amount payable under this Coverage will be reduced by all amounts:

(a)  paid or payable under any worker's compensation law, disability benefits law or any similar law.
(b)  paid or payable under any Underinsured Motorist Coverage which is primary to this insurance.

## OTHER INSURANCE

When an *insured* occupies an auto not described in this policy, this insurance is excess over any other similar insurance available to the *insured*. The insurance which applies to the occupied auto is primary. However, this insurance shall be primary if the *temporary substitute auto* or other motor vehicle is provided by a duly licensed automobile dealer for demonstration purposes or as a replacement while the *insured auto* is out of use because of its breakdown, service or repair.

Except as provided above, if the *insured* has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the *insured* has other insurance against a loss covered by the Underinsured Motorist provisions of this amendment, we will not be liable for more than our pro-rata share of the total coverage available.

## TRUST AGREEMENT

Whenever we make a payment under this coverage and have not waived our rights by failing, within 30 days of receipt of any written notice of a tentative agreement to settle for the liability limits, to make a payment equal to the tentative settlement amount:

1.  We will be entitled to recoup our payment under this coverage out of any settlement the *insured* recovers from any person or organization legally responsible for the *bodily injury*.

2.  The *insured* will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery. He will do nothing after the loss to prejudice these rights.

3. At our written request, the *insured*, in his own name, will take through a designated representative appropriate actions necessary to recover payment for damages from the legally responsible person or organization. The *insured* will pay us out of the recovery for our expenses, costs and attorneys' fees.

However, we will not ask the *insured* to act to recover payment from a legally responsible person or organization whose insurer is or becomes insolvent.

4. The *insured* will execute and furnish us with any needed documents to secure his and our rights and obligations.

5. Our right of recovery exists only after the *insured* has recovered in excess of his damages.

## ADDITIONAL DUTIES

This coverage does not apply to *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent unless:

a. we are notified in writing by **certified mail, return receipt requested,** that a tentative agreement to settle for the liability limits of the owner or operator of the other vehicle has been reached. Such written notice shall include:

(1) Written documentation of pecuniary losses incurred. This includes copies of all medical bills;

(2) Written authorization or court order authorizing us to obtain medical reports from all employers and medical providers; and

(3) Written confirmation from the tortfeasor's (party at fault) liability insurer as to the amount of the alleged tortfeasor's liability limits and the terms of the tentative settlement. This shall in no event include any component sum representing *punitive or exemplary damages*; and

b. we did not make a payment equal to the tentative settlement amount to our *insured* within 30 days of our receipt of that written notice.

In the event that we are the only provider of the tortfeasor's liability insurance, the requirements of a. and b., above, are hereby waived. *You* may submit *your* underinsured motorist claim at any time after we settle *your* liability policy claim.

## CONDITIONS

The following conditions apply only to the Underinsured Motorist Coverage:

1. NOTICE

As soon as possible after an accident, notice must be given us or our authorized agent stating:

(a) the identity of the *insured;*
(b) the time, place and details of the accident; and
(c) the names and addresses of the injured, and of any witness.

If the *insured* or his legal representative files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings.

2. ASSISTANCE AND COOPERATION OF THE *INSURED*:

After we receive notice of claim, we may require the *insured* to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization. We may require the *insured* to make that person or organization a defendant in any action against us.

3. ACTION AGAINST US

Suit will not lie against us unless the *insured* and his legal representative have fully complied with all the policy terms.

4. PROOF OF CLAIM-MEDICAL REPORTS

As soon as possible, the *insured* or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

The *insured* and other persons making claim must submit to examination under oath by any person named by us when and as often as we may reasonably require. Proof of claims must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

The *insured* will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of the *insured's* incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.



4000014237784204030340033385

5.  PAYMENT OF LOSS

Any amount due is payable:

(a)  to the *insured* or his authorized representative; (b) if the *insured* is a minor to his parent or guardian; or

(c)  if the *insured* is deceased, to his surviving spouse; otherwise

(d)  to a person authorized by law to receive the payment, or to a person legally entitled to recover payment for the damages.

We may, at our option, pay any amount due in accordance with (d) above.

We affirm this amendment.

W. C. E. Robinson
Secretary     GOVERNMENT EMPLOYEES INSURANCE COMPANY
GEICO GENERAL INSURANCE COMPANY

O. M. Nicely
President



**GEICO**

GEICO GENERAL INSURANCE COMPANY
Policy Number:  4237-78-42-04

**Automobile Policy Amendment**
**UNINSURED MOTORIST-**
**PROPERTY DAMAGE COVERAGE**
**ARKANSAS**

Your policy provisions are amended as follows:

**DEFINITIONS**

1. *Farm auto* means a truck type vehicle with a gross vehicle weight of 15,000 pounds or less, not used for commercial purposes other than farming.

2. *Hit-and-Run Auto* is a motor vehicle causing *property damage* to an *insured auto* through physical contact with that vehicle and whose operator or owner cannot be identified, provided the *insured* or someone on his behalf:
   (a) Reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;
   (b) Files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and
   (c) Makes available for inspection, at our request, the *insured auto.*

3. *Insured* means:
   (a) The individual named in the declarations and his or her spouse if a resident of the same household;
   (b) Any person who is entitled to recover damages because of *property damage* sustained by an *insured* under a) above;
   (c) Any other person, not excluded from coverage under the policy, using the *insured auto* with the owner's permission.  The actual use must be within the scope of the permission given by the owner.
   If there is more than one *insured*, our limits of liability will not be increased.

4. *Insured auto* is an auto:
   (a) Described in the declaration and covered by the liability coverages of this policy;
   (b) Temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
   (c) A *private passenger, farm,* or *utility auto,* ownership of which *you* acquire during the policy period, if
      (i) It replaces a vehicle described in this policy for which a premium is shown for these coverages or a *trailer* owned by *you;*
      (ii) We insure all *private passenger, farm,* and *utility autos* owned by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later.
   (d) A non-owned auto used by the individual named in the declarations or his or her if a resident of the same household.

   But the term *insured auto* does not include:

   (i) An auto used to carry passengers or goods for hire except in a car pool;
   (ii) An auto being used without the owner's permission; or
   (iii) Under subparagraphs b) and c) above, an auto owned by or furnished for the regular use of an *insured.*

5. *Private Passenger auto* means a four wheel private passenger, station wagon or jeep-type auto.

6. *Property damage* means damage to or destruction of an auto owned by *you* and covered by the liability coverages of this policy.  Property damage includes a reasonable amount for the loss of use of the auto.

7. *Punitive or Exemplary Damage* means damage that is imposed to punish the wrongdoer and to deter others from similar conduct.

8. *Trailer* means a trailer designed to be towed by a *private passenger auto,* if not being used for business or commercial purposes with a vehicle other than a *private passenger, farm* or *utility auto.*

9. *Uninsured auto* is a motor vehicle which:
   a) Has no property damage liability bond, policy of insurance or cash or securities on file to cover *property damage* at the time of the accident, or;
   b) Has property damage liability insurance in effect at the time of the accident but the insurer of the vehicle becomes insolvent or denies coverage.

   The term *uninsured auto* does not include:
   (a) An *insured auto;*
   (b) A motor vehicle owned or operated by a self insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

    (c)  A motor vehicle owned by the United States of America, any other national government, a *state*, or a political sub-division of any such government or its agencies;

    (d)  A land motor vehicle or *trailer* operated on rails or crawler-treads or located for use as a residence or premises;

    (e)  A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

**10.**  *Utility auto* means a vehicle, other than a *farm auto* with a gross vehicle weight of 15,000 pounds or less of the pick up body, van or panel truck type not used for commercial purposes.

**11.**  *You* or *your* means: the policyholder named in the declarations and his or her spouse if a resident of the same household.

## LOSSES WE PAY

Under this Coverage we will pay for damages to property caused by accident involving physical contact with an *insured auto* for which the *insured* is legally entitled to recover from the owner or operator of an *uninsured auto* or *hit and run auto* arising out of the ownership, maintenance or use of that auto.

## EXCLUSIONS

When this Coverage Does Not Apply

**1.**  This coverage does not apply if insured or his legal representative has made a settlement or has been awarded a judgment on his claim without our prior written consent or if we are not a party to litigation involving the *insured* and the uninsured motorist.

**2.**  This coverage shall not apply to the benefit of any property insurer.

**3.**  This coverage does not apply to the first two hundred dollars of the total amount of all *property damage* as the result of any one accident.  The deductible does not apply if:

    (a)  Collision Coverage is also provided on the *insured auto*, and

    (b)  The operator of the other vehicle has been positively identified and is solely at fault.

**4.**  This coverage does not apply to loss or damage to personal property located in the *insured auto*.

**5.**  We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.

**6.**  This coverage does not apply to *property damage* to the *insured auto* if the collision does not involve actual direct physical contact between the *insured* and the *uninsured* auto or *hit-and-run auto*.

**7.**  Regardless of any other provisions of this policy, there is no coverage for *punitive or exemplary damages.*

**8.**  This coverage does not apply to *property damage* to the *insured auto* that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

**9.**  We do not cover *property damage* caused by an auto driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

**10.**  We do not cover any liability assumed under any contract or agreement.

## LIMIT OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

**1.**  The limit of property damage liability stated in the declarations as applicable to "each accident" is our total limit of liability for all damages to the property of one or more *insureds* as the result of any one accident.

**2.**  When coverage is afforded by two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

    If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

    The amount payable under this Coverage will be reduced by all amounts:

    (a)  Paid by or for all persons or organizations liable for the *property damage* to the *insured auto*;

    (b)  Paid or payable under any property insurance policy.

## OTHER INSURANCE

This insurance shall be excess over other valid and collectible insurance, except that it shall be primary to any insurance or self-insurance maintained by a duly licensed automobile dealer or rental company.

## TRUST AGREEMENT

When we make a payment under this coverage:

**1.**  We will be entitled to repayment of that amount out of any settlement or judgment any *insured* recovers from any person or organization legally responsible for the *property damage*.

2.  Any *insured* claiming benefits will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for his damages.  He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

3.  At our written request, any *insured* claiming benefits, in his own name, will take through a designated representative appropriate action necessary to recover payment for damages from the legally responsible person or organization.  That *insured* will pay us out of the recovery for our expenses, costs and attorney's fees.

4.  Any *insured* claiming benefits will execute and furnish us with any needed documents to secure his and our rights and obligations.

## CONDITIONS

1.  NOTICE
    As soon as possible after an accident, notice must be given us or our authorized agent stating:
    (a) The identity of the *insured*;
    (b) The time, place and details of the accident, and
    (c) The names and addresses of any witnesses.
    If any *insured* or his legal representative files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings.

2.  ASSISTANCE AND COOPERATION OF THE INSURED
    After we receive notice of a claim, we may require any *insured* to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization.  We may require that *insured* to make that person or organization a defendant in any action against us.

3.  ACTION AGAINST US
    Suit will not lie against us unless any *insured* claiming benefits or his legal representative have fully complied with all the policy terms.

4.  PROOF OF CLAIM
    The *insured* or other person making a property damage claim shall file a proof of loss with us as soon as practicable. The proof of loss shall be a sworn statement as to the interest of the *insured* and anyone else in the property, any encumbrances upon the property, actual cash value at the time of the loss, and description and amount of all other insurance covering this property.  Upon our request, the *insured* will show us the damaged property.

    In the event of a property damage loss, the *insured* shall protect the auto from further loss.  Further loss due to failure to protect will not be covered.  We will pay for reasonable expenses incurred for the protection of the auto.

5.  PAYMENT OF LOSS
    Any amount is payable;
    a) To the *insured* or his authorized representative;
    b) If the *insured* is a minor to his parent or guardian; or
    c) If the *insured* is deceased, to his surviving spouse; otherwise
    d) A person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

    We may, at our option, pay an amount due in accordance with (d) above.

We affirm this amendment.


W. C. E. Robinson
Secretary


O. M. Nicely
President



Policy Number: **4237-78-42-04**

# Auto Policy Amendment

## Arkansas

## Personal Injury Protection Amendment

We agree with **you**, subject to all of the provisions of the amendment and to all of the policy provisions except as modified by this amendment, as follows:

### SECTION I - MEDICAL BENEFITS

We will pay **medical expense** benefits for **bodily injury** suffered by an **eligible injured person** if the injury was caused by an accident arising out of the maintenance or use of a **motor vehicle** as a **motor vehicle**.

### DEFINITIONS

The definitions of **"auto business"**, **"bodily injury"**, **"private passenger auto"**, **"war"** and **"you"** as shown in Section I of the policy apply to this coverage. The following special definitions apply:

1.  **"Eligible Injured Person"** means:

    (a) **you** and any **relative** who suffers **bodily injury** while **occupying** a **motor vehicle** or while as a **pedestrian** through being struck by a **motor vehicle**;

    (b) any other person who suffers **bodily injury**;

    (1) while **occupying**, or while a **pedestrian**, through being struck by, an **insured auto**, or

    (2) while **occupying** a **motor vehicle** other than an **insured auto**, if the **bodily injury** results from:

        (i) **your** use or its operation on **your** behalf by **your** chauffeur or domestic servant, or

        (ii) a **relative's** use of a **private passenger auto** or trailer.

2.  **"Insured Auto"** means an auto listed as an auto in the policy declarations as an auto to which this coverage applies. **Insured auto** includes:

    (a) an auto not owned by **you** while used as a temporary substitute for an **insured auto** when it cannot be used because of breakdown, repair, servicing, loss or destruction, and

    (b) a **trailer** designed for use with a **private passenger auto** if not being used for business purposes with another type of vehicle.

3.  **"Medical Expenses"** means all reasonable and necessary expenses incurred within two years from the accident date for medical, hospital, x-ray, professional nursing, dental, surgical, ambulance, funeral and prosthetic services and for any non-medical remedial care and treatment rendered in accordance with a recognized religious method of healing.

4.  **"Motor Vehicle"** means a land motor vehicle or **trailer** including a semi-trailer other than (1) a farm type tractor or other equipment designed for use principally off public roads, while not on public roads, (2) a vehicle operated on rails or crawler treads, or (3) a vehicle located for use as a residence or premises.

5.  **"Occupying"** means in or upon, getting into or getting out of.

6.  **"Pedestrian"** means any person who is not **occupying** any vehicle other than a motorcycle or a vehicle operated by human or animal power.

7.  **"Relative"** means any person related to **you** by blood, marriage or adoption (including a ward or foster child) who is a resident of **your** household.

### LIMIT OF LIABILITY

Regardless of the number of persons or organizations insured, policies or bonds applicable, claims made or **insured autos** to which this coverage applies, the limit of liability for auto medical benefits insurance shown in the declarations as applicable to "each person" is our limit of liability for all expenses incurred by or on behalf of each **eligible injured person** who suffers **bodily injury** as a result of any one motor vehicle accident, provided, however, with respect to **bodily injury** suffered by a **pedestrian** (other than **you** or a **relative**) through being struck by the **insured auto**, our limit of liability shall be the amount shown in the declarations.

### POLICY MODIFICATIONS

Any amount payable under the Protection Against Uninsured Motorist Coverage shall reduce the amount of **medical expense** benefits which are paid or payable under this or any other motor vehicle insurance policy because of **bodily injury** to an **eligible injured person**.

Any Auto Medical Payments or Auto Medical Insurance afforded by the policy is replaced by the insurance provided by Section I of this amendment.

## EXCLUSIONS

1. There is no coverage for *bodily injury* to any person to the extent that benefits for the injury are paid or payable under any workmen's compensation law, employer's disability law or any similar law.

2. There is no coverage for *bodily injury* to *you* while *occupying* any *motor vehicle* owned by *you* or furnished or available for *your* use, which is not an *insured auto*.

3. There is no coverage for *bodily injury* to any *relative* while *occupying* any *motor vehicle* owned by, furnished or available for the regular use of either *you* or that *relative*, and which is not an *insured auto*.

4. There is no coverage for *bodily injury* to any person other than *you* or a *relative* while *occupying* any *motor vehicle* owned by or furnished or available for the regular use of either *you* or any *relative* and which is not an *insured auto*.

5. There is no coverage for *bodily injury* to any person *occupying* the *insured auto* while it is being used to transport passengers or goods for hire unless that use is shown in the declarations.

6. There is no coverage for *bodily injury* to any person other than *you* or a *relative* while *occupying* any *motor vehicle* other than an *insured auto* while used to transport passengers or goods for hire.

7. There is no coverage for *bodily injury* to any person other than *you* or a *relative*.

   (a) while *occupying* any *motor vehicle* other than the *insured auto* while employed or otherwise engaged in the *auto business*; or

   (b) arising out of the maintenance or use of any *motor vehicle* other than the *insured auto* or a motorcycle by such person while employed or engaged in any other business or occupation unless the *bodily injury* results from the operation or occupancy of:

   a) a *private passenger auto* by *you* or *your* private chauffeur or domestic servant; or

   b) a *trailer* used with a *private passenger auto* or with the *insured auto*.

8. There is no coverage for *bodily injury* to any person while operating the *insured auto* without *your* express or implied consent or while not in lawful possession of the *insured auto*.

9. There is no coverage for *bodily injury* suffered by any person while *occupying* any *motor vehicle* other than the *insured auto* unless that person has, or reasonably believes he has, the owner's permission to use the *motor vehicle*.

10. There is no coverage for *bodily injury* due to *war* or to any related act or condition.

11. There is no coverage for *bodily injury* resulting from the hazardous properties of radioactive material.

12. Medical benefits coverage does not apply to the United States of America or any of its agencies as an insured, an *eligible injured person*, a third party beneficiary or otherwise.

## SECTION II - LOST EARNINGS

We will pay benefits for *work loss* due to *bodily injury* suffered by an *eligible injured person* and caused by an accident arising out of the maintenance or use of a *motor vehicle* as a *motor vehicle*.

## DEFINITIONS

The definitions shown in Section I except the definitions of *"eligible injured person"*, *"insured auto"*, and *"private passenger auto"* apply to Section II. The following special definitions apply:

1. *"Eligible injured person"* means:

   (a) *you* and any *relative* who suffers *bodily injury* while *occupying* any *motor vehicle*;

   (b) *you* and any *relative* who suffers *bodily injury* while as a *pedestrian* through being struck by any *motor vehicle*;

   (c) any other person who suffers *bodily injury* while *occupying* the *insured auto*; or

   (d) any other person who suffers *bodily injury* while as a *pedestrian* through being struck by the *insured auto*.

2. *"Insured auto"* means a *private passenger auto* which is shown in the declarations as an *insured auto* to which this coverage applies and also includes:

   (a) a *private passenger auto* not owned by *you* while temporarily used as a substitute for an *insured auto* owned by *you* when the *insured auto* is withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

   (b) a *trailer* designed for use with a *private passenger auto* if not being used for business purposes with another type vehicle.

3.  *"Private passenger auto"* means a *motor vehicle* of the private passenger, station wagon or jeep type and includes a *motor vehicle* with a pick-up body, a delivery sedan or a *motor vehicle* of the panel truck type which is not customarily used for occupational, professional or business purposes other than farming or ranching (but does not include a *motor vehicle* used to carry passengers or goods for hire).

4.  *"Work loss"* means:

    (a) with respect to an income earner, loss of income from work the *eligible injured person* would have earned had he not suffered *bodily injury*, or

    (b) with respect to a non-income earner, expenses reasonably incurred in obtaining ordinary and necessary services to replace those the *eligible injured person* would have performed, not for income but for his benefit or that of his family if he had not suffered *bodily injury*. The *work loss* must be incurred during a period commencing eight days after the accident date and not to exceed fifty two weeks.

## LIMIT OF LIABILITY

| Option No. | Weekly Work Loss Limit |
| --- | --- |
| 1 | $140 |
| 2 | $200 |
| 3 | $250 |
| 4 | $300 |
| 5 | $350 |
| 6 | $400 |

Regardless of the number of persons or organizations insured, policies or bonds applicable, claims made or *insured autos* to which this coverage applies, our limit of liability for *work loss* is as follows:

1.  with respect to an income earner, 70% of loss of gross income per week not to exceed the amount shown in the policy declarations.

2.  with respect to a non-income earner a sum not to exceed $70 per week, prorated for any lesser period.

## EXCLUSIONS

Exclusions 1, 8,10 and 11 in Section I apply to Section II. In addition, the following Exclusions apply:

1.  There is no coverage for *bodily injury* to *you* while *occupying* any auto, other than the *insured auto*, owned by *you* or furnished for *your* regular use.

2.  There is no coverage for *bodily injury* to a *relative* while *occupying* any auto; other than the *insured auto*, owned by or furnished for the regular use of *you* or that *relative*.

3.  There is no coverage for *bodily injury* to any *relative* if that *relative* is entitled, as a named insured under any other motor vehicle insurance policy, to similar coverage providing benefits equal to or greater than those prescribed by the Arkansas No-Fault Law.

4.  There is no coverage for *bodily injury* to any person other than *you* or a *relative* if that person is entitled, as a named insured or *relative* under any other motor vehicle insurance policy, to similar coverage which provides benefits equal to or greater than those prescribed by the Arkansas No-Fault Law.

## SECTION III – ACCIDENTAL DEATH BENEFIT

We will pay the amount shown in the policy declarations if an *eligible injured person* dies within one year from the accident date as a direct consequence of *bodily injury* caused by accident and arising out of the use of a *motor vehicle* as a *motor vehicle*.

## DEFINITIONS

The definitions under Section I except the definitions of *"eligible injured person"*, *"insured auto"*, and *"private passenger auto"* and all definitions under Section II apply to this Section.

## EXCLUSIONS

Exclusions 1, 9, 11, and 12 under Section I and all exclusions under Section II apply to this Section.

## POLICY MODIFICATIONS

Because of the coverage provided by Section III of this amendment, any accidental death benefits coverage afforded elsewhere in this policy is deleted.

## CONDITIONS

Conditions 1, 2, 3, 4 and 5 apply to all Sections. The remaining conditions apply only to the Sections noted.

1.  <u>Policy Period: Territory</u>. This insurance applies only to accidents which occur during the policy period and within the United States of America, its territories or possessions, or Canada.

2.  <u>Action Against Company</u>. No action will lie against us unless there has been full compliance with all the terms of this Amendment.

3. <u>Notice</u>. As soon as possible after an accident, written notice must be given us or our agent by or on behalf of the *eligible injured person* stating:

    (a) the time, place and details of the accident; and
    (b) the name and addresses of the *eligible injured person(s)* and of available witnesses.

If an *eligible injured person*, his survivor or the legal representative of either files suit against a third party to recover damages for *bodily injury*, we must be provided with a copy of the pleadings.

4. <u>Medical Reports; Proof of Claim</u>. As soon as possible, the *eligible injured person* or his representative shall give us written proof of claim, under oath if required. The proof of claim shall contain full details of the type and extent of the injuries, treatment received and contemplated, and other information that may help us to determine the amount due and payable.

The *eligible injured person* shall submit to physical and mental examinations by physicians selected by us, when and as often as we may reasonably require. The *eligible injured person* or, if he is incapacitated or dead, his legal representative or his survivor shall, after each request from us, authorize us to obtain medical reports and copies of records.

If we ask, the *eligible injured person*, someone on his behalf or his employer shall furnish a sworn statement of earnings by the *eligible injured person* since the accident date and for a reasonable time prior to the accident.

5. <u>Payment of Benefits</u>. We may at our option pay

    (a) the *eligible injured person*;
    (b) the parent or guardian, if the *eligible injured person* is a minor;
    (c) the spouse, if the *eligible injured person* is incapacitated or deceased; or
    (d) any person or organization rendering the services for which claim is made.

Any such payment shall reduce the amount payable hereunder. Payment under this coverage shall not be an admission of liability to any person.

6. <u>Reimbursement and Trust Agreement</u> - Section I and II. When we make a payment under this insurance with respect to *bodily injury* suffered by an *eligible injured person*:

    (a) We will be entitled to recover the amount of our payment out of the proceeds of any settlement or judgment that the person to whom we made payment may recover from anyone who was legally liable for the *bodily injury*. We shall have

a lien to the extent of our payment and we may give notice of our lien to the person or organization causing the *bodily injury*, his agent, his insurer, or a court having jurisdiction;

    (b) the person to whom we make payment shall hold in trust for our benefit all rights of recovery which he may have against any other person or organization because of the *bodily injury*;

    (c) the person to whom we make payment shall do whatever is necessary to secure his and our rights and shall do nothing to prejudice them;

    (d) the person to whom we make payment shall deliver to us all instruments and papers necessary to secure his and our rights and obligations.

7. <u>Subrogation</u> - Sections I and II. When we make a payment under this insurance with respect to *bodily injury* suffered by an *eligible injured person*, we shall be subrogated, to the extent of our payment, to the person's rights of recovery against any person or organization. The person to whom or on whose behalf we made payment shall execute and deliver to us instruments and papers and do whatever else is necessary to secure our rights. That person shall do nothing after loss to prejudice our rights.

8. <u>Other Insurance</u> - Section I. Regarding *bodily injury* to a *relative*, if the *relative* is entitled to coverage for medical expenses or similar coverage as a named insured under any other motor vehicle insurance policy affording direct benefits without regard to fault, this insurance shall apply only as excess insurance over such similar coverage paid or payable to that person under the other policy.

Regarding *bodily injury* to any person other than *you* or a *relative*, if that person is entitled to coverage for medical expenses or similar coverage as a named insured or *relative* under any other motor vehicle insurance policy affording direct benefits without regard to fault, this insurance shall apply only as excess insurance over such similar coverage paid or payable to that person under the other policy.

Except as provided above, if the *eligible injured person* is entitled to coverage for *medical expenses* under the terms of this and any other motor vehicle insurance policy for a loss covered under Section I, we shall not be liable under this policy for a greater share of the loss than the applicable limit of liability of this insurance bears to the total applicable limit of liability to all such motor vehicle insurance.

No *eligible injured person* shall recover twice for the same elements of loss.

9. <u>Other Insurance</u> - Sections II and III. With respect to *bodily injury* to any person other than *you* or a *relative*, the coverage under Sections II and III shall

apply only as excess insurance over any other similar insurance available to that person under the terms of any other motor vehicle insurance policy, and this coverage shall then only apply in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

If an *eligible injured person*, either *you* or a *relative*, has other similar insurance available under the terms of any other motor vehicle insurance policy,

the most he may recover under all insurance shall not exceed the amount which would have been payable under the insurance with the highest dollar limit.  We shall not be liable for a greater part of any loss to which Sections II and III apply than our limit of liability bears to the sum of the applicable limits of liability of this insurance and any other insurance available.

We affirm this amendment.


W.C.E. Robinson
　　Secretary　　• GOVERNMENT EMPLOYEES INSURANCE COMPANY •
　　　　　　　　　　AND GEICO GENERAL INSURANCE COMPANY

O. M. Nicely
President

## Important Information

Here are your Policy Identification Cards. Two cards have been provided for each vehicle insured. Please destroy your old cards when the new cards become effective.

Due to space limitations on the ID card, only the Named Insured and the Co-insured are listed. For a full list of drivers covered under this policy, please reference the Drivers section of your Declarations Page (page 11).

Please notify us promptly of any change in your address to be sure you receive all important policy documents. Prompt notification will enable us to service you better.

Your policy is recorded under the name and policy number shown on the card. If you would like additional ID cards, you can go online to **geico.com** or call us at **1-800-841-3000**.

**GEICO.**
**geico.com**

**Arkansas Insurance Identification Card**
**1-800-841-3000**

GEICO GENERAL INSURANCE COMPANY
One GEICO Center • Macon, GA 31295-0001

NAIC Code: 35882

| Policy Number | Effective Date | Expiration Date |
|---|---|---|
| 4237-78-42-04 | 08-13-14 | 02-13-15 |

| Year | Make | Model | Vehicle ID No. |
|---|---|---|---|
| 1996 | CAD | DEVILLE | 1G6KD52Y3TU292711 |

Insured:
Robert L Bowerman
Julie P Bowerman

7015 W 65th ST
Little Rock AR  72209-2008



ROBERT L BOWERMAN AND JULIE P
BOWERMAN
7015 W 65TH ST
LITTLE ROCK AR  72209-2008



**GEICO.**
**geico.com**

**Arkansas Insurance Identification Card**
**1-800-841-3000**

GEICO GENERAL INSURANCE COMPANY
One GEICO Center • Macon, GA 31295-0001

NAIC Code: 35882

| Policy Number | Effective Date | Expiration Date |
|---|---|---|
| 4237-78-42-04 | 08-13-14 | 02-13-15 |

| Year | Make | Model | Vehicle ID No. |
|---|---|---|---|
| 1996 | CAD | DEVILLE | 1G6KD52Y3TU292711 |

Insured:
Robert L Bowerman
Julie P Bowerman

7015 W 65th ST
Little Rock AR  72209-2008

**Important Information**

Here are your Policy Identification Cards. Two cards have been provided for each vehicle insured. Please destroy your old cards when the new cards become effective.

Due to space limitations on the ID card, only the Named Insured and the Co-insured are listed. For a full list of drivers covered under this policy, please reference the Drivers section of your Declarations Page (page 11).

Please notify us promptly of any change in your address to be sure you receive all important policy documents. Prompt notification will enable us to service you better.

Your policy is recorded under the name and policy number shown on the card. If you would like additional ID cards, you can go online to **geico.com** or call us at **1-800-841-3000**.

**GEICO**
geico.com

**Arkansas Insurance Identification Card**
**1-800-841-3000**

GEICO GENERAL INSURANCE COMPANY
One GEICO Center • Macon, GA 31295-0001

NAIC Code: 35882

| Policy Number | Effective Date | Expiration Date |
|---|---|---|
| 4237-78-42-04 | 08-13-14 | 02-13-15 |

| Year | Make | Model | Vehicle ID No. |
|---|---|---|---|
| 1990 | FORD | T BIRD SUP | 1FAPP64R2LH162875 |

**Insured:**
Robert L Bowerman
Julie P Bowerman

7015 W 65th ST
Little Rock AR  72209-2008

ROBERT L BOWERMAN AND JULIE P
 BOWERMAN
7015 W 65TH ST
LITTLE ROCK AR  72209-2008



**GEICO**
geico.com

**Arkansas Insurance Identification Card**
**1-800-841-3000**

GEICO GENERAL INSURANCE COMPANY
One GEICO Center • Macon, GA 31295-0001

NAIC Code: 35882

| Policy Number | Effective Date | Expiration Date |
|---|---|---|
| 4237-78-42-04 | 08-13-14 | 02-13-15 |

| Year | Make | Model | Vehicle ID No. |
|---|---|---|---|
| 1990 | FORD | T BIRD SUP | 1FAPP64R2LH162875 |

**Insured:**
Robert L Bowerman
Julie P Bowerman

7015 W 65th ST
Little Rock AR  72209-2008



JUU21423778420403034003378'

## Important Information

Here are your Policy Identification Cards. Two cards have been provided for each vehicle insured. Please destroy your old cards when the new cards become effective.

Due to space limitations on the ID card, only the Named Insured and the Co-insured are listed. For a full list of drivers covered under this policy, please reference the Drivers section of your Declarations Page (page 11).

Please notify us promptly of any change in your address to be sure you receive all important policy documents. Prompt notification will enable us to service you better.

Your policy is recorded under the name and policy number shown on the card. If you would like additional ID cards, you can go online to **geico.com** or call us at **1-800-841-3000**.

**GEICO**
geico.com

**Arkansas Insurance Identification Card**
**1-800-841-3000**

GEICO GENERAL INSURANCE COMPANY
One GEICO Center • Macon, GA 31295-0001

NAIC Code: 35882

| **Policy Number** | **Effective Date** | **Expiration Date** |
|---|---|---|
| 4237-78-42-04 | 08-13-14 | 02-13-15 |

| **Year** | **Make** | **Model** | **Vehicle ID No.** |
|---|---|---|---|
| 1994 | CHEV | CORVETTE | 1G1YY22P5R5114473 |

**Insured:**
Robert L Bowerman
Julie P Bowerman

7015 W 65th ST
Little Rock AR  72209-2008

ROBERT L BOWERMAN AND JULIE P
BOWERMAN
7015 W 65TH ST
LITTLE ROCK AR  72209-2008

**GEICO**
geico.com

**Arkansas Insurance Identification Card**
**1-800-841-3000**

GEICO GENERAL INSURANCE COMPANY
One GEICO Center • Macon, GA 31295-0001

NAIC Code: 35882

| **Policy Number** | **Effective Date** | **Expiration Date** |
|---|---|---|
| 4237-78-42-04 | 08-13-14 | 02-13-15 |

| **Year** | **Make** | **Model** | **Vehicle ID No.** |
|---|---|---|---|
| 1994 | CHEV | CORVETTE | 1G1YY22P5R5114473 |

**Insured:**
Robert L Bowerman
Julie P Bowerman

7015 W 65th ST
Little Rock AR  72209-2008





I00021423778420403034003379*
IFS #2008

Discounts

| | |
|---|---:|
| The total value of your discounts is | $212.10 |
| Seatbelt (All Vehicles) | $13.40 |
| Multi-Car (All Vehicles) | $121.40 |
| 5 Year Good Driving (Veh 2, 3) | $49.30 |
| Passive Restraint/Air Bag (Veh 1, 3) | $28.00 |

**Contract Type:** PRIME TIME
**Contract Amendments:** ALL VEHICLES - A54AR(03-11) A70AR(02-97)

**Unit Endorsements:**     A149 (07-87)(VEH 1,2,3); A190 (12-02)(VEH 1,2,3); A449 (08-08)
(VEH 1,2,3); A48 (11-96)(VEH 1,2,3)

---

### Important Policy Information

-Please review the front and/or back of this page for your coverage and discount information.

-Special 50+ rating applies.

-Congratulations!  Your policy has been issued with our Prime Time Contract that contains a lifetime renewal guarantee provision.  Please review your policy contract for specific exceptions to this guarantee.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA and NORTH CAROLINA. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-Thank you for returning the requested information. We can now ensure that your policy records are accurate. This enables us to provide the best service possible.

---

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. MARY S. MCGOWAN - 9TH DIVISION 6TH CIRCUIT

JULIE BOWERMAN V GEICO GENERAL INS CO

60CV-18-810

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

GEICO GENERAL INSURANCE COMPANY
Corporation Service Company, Agent
124 W. Capitol Ave., Ste. 1900
Little Rock, AR  72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Hugh F Spinks
P. O. Box 3887
Little Rock, AR  72203

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

Interrogatories and Requests for Production of Documents served with the summons and complaint

CLERK OF COURT

Address of Clerks Office

LARRY CRANE,  CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201



*Vannessa Martinez*

Vannessa Martinez, DC

Date: 02/15/2018

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Vannessa Martinez

Circuit Clerk
Date: 02/15/2018

No. 60CV-18-810 This summons is for   GEICO GENERAL INSURANCE COMPANY (name of Defendant).


PROOF OF SERVICE

❏ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date]; or

❏ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❏ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

❏ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❏ Other [specify]:
_____

❏ I was unable to execute service because:
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                             By: _____
                             [Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____       By: _____
                            [Signature of server]


                            _____
                            [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


                            _____
                            Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____